IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Angela Thompson, ) | C/A No. 9:10-407-TMC |
| Plaintiff, ) | |
| ) | **OPINION & ORDER** |
| v. ) | |
| Michael J. Astrue, Commissioner ) of Social Security Administration, ) | |
| Defendant. ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claims for social security disability insurance benefits ("DIB") under the Social Security Act (the "Act"). This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report"), filed on January 13, 2011. (Dkt. # 19).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

**Procedural Background**

Plaintiff applied for DIB on March 22, 2006, with an alleged disability onset date of October 20, 2005. Her application was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") conducted a hearing on August 1, 2008, and on September 3, 2008, the ALJ denied Plaintiff benefits. Plaintiff sought review of her case by the Appeals Council and submitted additional evidence, including an assessment from Dr. Kahn, a treating physician. The Appeals Council adopted the ALJ's decision. The Appeals Council did not indicate if it gave any weight to the new evidence nor articulate any reason for rejecting the new evidence. Plaintiff filed this action seeking review of the Commissioner's decision. The Magistrate Judge to whom this matter was referred filed a Report on April 6, 2011, in which he recommended that the Commissioner's decision be reversed and remanded for further administrative proceedings.

The parties were advised of their rights to file specific written objections to the Report. The Commissioner filed objections on April 25, 2011. (Dkt. # 20). Plaintiff filed a response to those objections on May 9, 2011, (Dkt. # 21), and the Commissioner filed a reply on May 20, 2011, (Dkt. # 22). This matter is now ripe for review.

**Standard of Review**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual

circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58.

## DISCUSSION

An individual is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 416(i)(1). In his Report, the Magistrate Judge sets forth the relevant facts and legal standards which is incorporated herein by reference.

In her brief, Plaintiff alleged that the ALJ erred by accepting the Vocational Expert's testimony without resolving conflicts between it and the Dictionary of Titles, by failing to explain his findings regarding Plaintiff's residual functional capacity, and in his credibility analysis. Plaintiff also argued that the Appeals Council erred by denying her request for further review based on the new evidence from Dr. Khan. Because the Appeals Council did not provide its reasoning for declining further review, Plaintiff argued that the court could

not conduct a meaningful appellate review.

The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." 20 C.F.R. § 404.970(b); *Wilkins v. Secretary of Dep't of Health & Human Serv.*, 953 F.2d 93, 95 (4th Cir. 1991). It is "material" if there is a "reasonable possibility that the new evidence would have changed the outcome." *Id.* The Magistrate Judge examined Dr. Khan's findings and determined the additional evidence was "new and material" and purported to relate to the relevant time period. (Report at 8.) The Magistrate Judge then considered Plaintiff's argument that the Appeals Council's failure to explain how it treated the new evidence was reversible error. *Id.* The Magistrate Judge agreed with Plaintiff and recommended that the matter be reversed and remanded for a finding regarding the weight the Appeals Council gave the new evidence and, if appropriate, its reasons for rejecting the opinion of Dr. Khan, a treating physician. (Report at 10.)

In his sole objection, the Commissioner reiterates his arguments presented to the Magistrate Judge regarding the Appeals Council's treatment of the additional evidence from Dr. Khan. The Commissioner argues that the Appeals Council was not required to articulate reasons for its finding that the additional evidence did not offer a basis for changing the ALJ's decision. The Commissioner notes that this issue is being considered by the Fourth Circuit Court of Appeals in *Meyer v. Astrue*, No. 10-1581, and requests that, if the court is inclined to reverse on the basis of the evidence submitted to the Appeals Council, the court hold its ruling in abeyance until the Fourth Circuit rules on this issue in *Meyer*. (Def.'s Objections at 2.)

The Magistrate Judge reviewed the law regarding whether the Appeals Council must articulate its findings as to new evidence. As the Magistrate Judge noted, there is a split of authority among courts as to whether the Appeals Council should be required to articulate its reasoning when it considers additional evidence, but determines the ALJ's decision need not be reviewed. (Report at 8-9.) The court agrees with the Magistrate Judge's recommendation and will follow those courts that have required specific findings from the Appeals Council. *See, e.g., Belue v. Astrue*, C/A No. 1:09-942-MBS, 2010 WL 3734714 (D.S.C. Sept. 20, 2010); *Roberts v. Astrue*, C/A No. 0:09-1607-JFA, 2010 WL 2522995, at *5-6 (D.S.C. May 14, 2010); *Suber v. Comm'r Soc. Sec. Admin*, 640 F. Supp. 2d 684, 688 (D.S.C. 2009); *Chapman v. Astrue*, C/A No. 07-2868-TLW, 2010 WL 419923, at *12 (D.S.C. Jan. 29, 2010); *Harmon v. Apfel*, 103 F. Supp. 2d 869 (D.S.C. 2000). The Commissioner's objection is without merit. Under the facts of this case, remand is necessary. Further, the court denies the Commissioner's request to hold its ruling in abeyance pending a ruling in *Meyer*.

## CONCLUSION

After a thorough review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in this case. The court adopts the Report of the Magistrate Judge and incorporates it herein by reference. The Commissioner's objection is overruled. For the reasons set out above and in the Report, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision is reversed and remanded for further proceedings.

**IT IS SO ORDERED.**

                                                          s/Timothy M. Cain  
                                                          United States District Judge

November 3, 2011  
Greenville, South Carolina